UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JON CRAMBLETT,

        Plaintiff,

    v.                                     Civil No. 10-54-HA

                                         OPINION AND ORDER

JOHN MCHUGH, Secretary,
U.S. Department of the Army,

        Defendant.

———————————————

HAGGERTY, District Judge:

      Plaintiff Jon Cramblett filed suit against defendant John McHugh, Secretary, United

States Department of the Army for race and color discrimination and retaliation in violation of

Title VII, 42 U.S.C. § 2000e *et seq.*, and age discrimination and retaliation in violation of the

Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*  Defendant moves to

dismiss the first three counts of plaintiff's first claim for relief and plaintiff's fourth claim for

relief pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons,

1 – OPINION AND ORDER

defendant's Motion to Dismiss [11] is GRANTED IN PART and DENIED IN PART.

**STANDARDS**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The reviewing court must treat all facts alleged in the complaint as true, and resolve all doubts in favor of the nonmoving party. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *Experimental Eng'g, Inc. v. United Tech. Corp.*, 614 F.2d 1244, 1245 (9th Cir. 1980).

**BACKGROUND**

Plaintiff is a welder in the Portland District of the United States Army Corps of Engineers. In his Complaint, plaintiff alleges, in part, that defendant discriminated against him on the basis of his age when defendant did not select him for rigger and welder positions at dams operated by defendant. Defendant contends that the first three counts of plaintiff's first claim for relief should be dismissed for failure to exhaust administrative remedies by failing to initiate an Equal Employment Opportunity (EEO) complaint within forty-five days of when he knew or should have known of the allegedly discriminatory conduct. Defendant also contends that plaintiff's fourth claim for relief, alleging violations of Title VII should be dismissed for failing to state a claim upon which relief can be granted.

    1. Count One – McNary Dam Rigger Position

2 – OPINION AND ORDER

Plaintiff applied for a rigger position at McNary Dam in January 2008. On or about June 13-14, 2008, plaintiff received notification of his non-selection for that position. On July 9, 2008, plaintiff filed a union grievance over his non-selection for the position alleging that he had been discriminated against based on his age. On July 21, 2008, defendant denied plaintiff's union grievance by letter stating that "[w]e have conducted an investigation regarding the [position] and have found no evidence of age discrimination." Jewell Decl. Ex. 10. Defendant's letter also informed plaintiff that he could submit a Step 2 grievance if he disagreed with defendant's decision. The letter did not inform plaintiff that he should proceed with an EEO complaint rather than with a grievance. Plaintiff filed a Step 2 grievance and on September 2, 2008, defendant denied plaintiff's grievance and informed him that non-selection due to age discrimination is not a grievable issue pursuant to the terms of his union's collective bargaining agreement. On September 15, 2008, defendant amended the denial of plaintiff's Step 2 grievance and informed him that he could file an age discrimination claim with the EEOC.

On October 1, 2008, plaintiff filed notice of appeal with the EEOC and also filed an EEO complaint. During the appeal process, defendant conceded "contact was delayed because [] grievance procedures were unclear for EEO matters, leading to confusion by both the agency and the aggrieved as to the proper forum for non-selection complaints" and that defendant did "not contend that timeliness is an issue" for purposes of plaintiff's EEO complaint. Jewell Decl. Ex. 16. As a result, plaintiff dropped his EEOC appeal and proceeded only with his EEO complaint. Plaintiff's EEO complaint was then dismissed as untimely.

2. Count Two – Bonneville Dam Rigger Position

Plaintiff applied for a rigger position at Bonneville Dam in October 2007. By August 12,

3 – OPINION AND ORDER

2008, plaintiff became aware that he had not been selected for that position.  At that time, he filed a grievance complaining of the fact that he had not been given timely notice of his non-selection for the position and requesting information regarding the reason for his non-selection. On September 2, 2008, after seeking a ten-day extension of time, defendant responded to plaintiff's grievance acknowledging that it had not provided him with electronic notice of his non-selection, but providing no reason for his non-selection.  On October 1, 2008, plaintiff initiated EEO contact and his complaint was later dismissed as untimely.

      3.  Count Three – Bonneville Dam Welder Position

Plaintiff applied for a welder position at Bonneville Dam in July 2007.  Plaintiff received an email on June 12, 2008 notifying him that he had not been selected for that position.  On August 12, 2008, plaintiff filed a grievance requesting information regarding the reason for his non-selection.  On September 2, 2008, after seeking a ten-day extension, defendant responded to plaintiff's grievance.  On October 1, 2008, plaintiff initiated EEO contact and his complaint was later dismissed as untimely.

## DISCUSSION

Defendant contends that plaintiff failed to exhaust administrative remedies under the ADEA for counts one, two, and three of plaintiff's first claim for relief.  Defendant asserts that, for all three counts, plaintiff's October 1, 2008 EEO complaint was filed after the forty-five days allowed under EEOC regulations to initiate an EEO contact.

Federal regulations require that an aggrieved federal employee bring age discrimination complaints to the attention of an EEO counselor "within 45 days of the date of the matter alleged

to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1).  Failure to comply with this regulation is fatal to a federal employee's discrimination claim.  *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002).  However, the forty-five day time limit "constitutes an administrative requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* n.5. (internal quotation and citation omitted).

    1.  Count One – McNary Dam Rigger Position

    As the agency conceded during plaintiff's EEOC appeal, grievance procedures "were unclear for EEO matters, leading to confusion by both the agency and the aggrieved as to the proper forum for non-selection complaints."  Jewell Decl. Ex. 16.  As a result of this confusion, defendant considered plaintiff's grievance rather than informing him that he should file an EEO complaint, and instructed plaintiff that he could file a Step 2 grievance.  Only after forty-five days had passed did defendant notify plaintiff of his EEO rights.  This court will hold defendant to its representation during the appeals process that it would not contend timeliness was an issue for the purposes of the McNary Dam rigger position.  Accordingly, the court finds that defendant waived its timeliness defense and is now estopped from asserting it.  Plaintiff may proceed with count one of his first claim for relief.

    2.  Count Two –  Bonneville Dam Rigger Position

    The court concludes that the ten days during which defendant requested additional time to respond to plaintiff's August 12, 2008 grievance are subject to equitable tolling.  As with count one, it is clear that both defendant and plaintiff were confused regarding the proper forum for non-selection complaints.  In light of plaintiff's complaints regarding age discrimination and

5 – OPINION AND ORDER

his grievance stating that he had requested information regarding the reason for his non-selection but had gotten no response, defendant should have informed plaintiff of his EEO rights. Instead, defendant requested, and plaintiff granted, a ten-day extension of time in which to respond to the grievance. Defendant's contention that his August 12, 2008, grievance was unrelated to discrimination is not persuasive. Plaintiff requested to know the reason for his non-selection and he had previously complained about age discrimination. The general confusion and inability of defendant to inform plaintiff of his EEO rights throughout the EEO process also instructs the court's decision as it would be inequitable to burden plaintiff with the his failure to timely initiate EEO contact when it does not appear defendant understood the process and failed to adequately advise plaintiff of his EEO rights. Plaintiff may proceed with count two of his first claim for relief.

   3.  Count Three –  Bonneville Dam Welder Position

   By any reasonable calculation of the dates related to count three, plaintiff's EEO contact was not timely. Plaintiff's arguments that he did not receive notice of his non-selection until September 2, 2008, or in the alternative, that he made EEO contact on June 9, 2008, are not supported by the record and do not warrant further analysis. Count three of plaintiff's first claim for relief is dismissed.


4.  Fourth Claim for Relief – Title VII

   Plaintiff concedes that he needs to make his fourth claim for relief more specific. Accordingly, plaintiff's fourth claim for relief is dismissed without prejudice. Plaintiff may seek

timely leave to amend his fourth claim for relief and defendant may oppose such amendment.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss [11] is GRANTED IN PART and DENIED IN PART.  Count three of plaintiff's first claim for relief is DISMISSED and plaintiff's fourth claim for relief is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED this   25   day of June, 2010.

                                   /s/ Ancer L. Haggerty
                                  Ancer L. Haggerty
                                  United States District Judge