IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JON CRAMBLETT,  3:10-CV-00054-PK

    Plaintiffs,  ORDER

v.

JOHN McHUGH,

    Defendant.

**SUSAN E. JEWELL**
Law Office of Susan Elizabeth Jewell
7225 S.W. Burlingame Ave., #100
Portland, OR 97219
(503) 244-4880

**DANA L. SULLIVAN**
Buchanan, Angeli, Altschul, & Sullivan, LLP
321 S.W. Fourth Ave., Suite 600
Portland, OR 97204
(503) 974-5023

    Attorneys for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**JAMES E. COX, JR.**
Assistant United States Attorney
District of Oregon
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

    Attorneys for Defendant

1  - ORDER

**BROWN, Judge.**

Magistrate Judge Paul Papak issued Findings and Recommendation (F&R) on November 19, 2012, in which he recommends this Court grant Defendant's Motion to Strike (#82) the opinion testimony of Plaintiff's expert witness, Terry Armentrout. The Magistrate Judge also recommends this Court grant in part and deny in part Defendant's Motion (#51) for Summary Judgment. Plaintiff filed timely Objections to the Findings and Recommendation. This matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

## PORTIONS OF THE FINDINGS AND RECOMMENDATION TO WHICH THERE ARE NO OBJECTIONS

Neither party objects to the Magistrate Judge's Finding and Recommendation that this Court deny Defendant's Motion for Summary Judgment (1) as to Count 7 of Plaintiff's First Claim for Relief in which Plaintiff alleges Defendants violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a(a), by not hiring Plaintiff for a welder position at the Dalles Dam and (2) as to Plaintiff's Fourth Claim for Relief in which Plaintiff alleges Defendants violated the ADEA by retaliating against Plaintiff after he filed an Equal Employment Opportunity (EEO) complaint against Defendants.

The Court, therefore, is relieved of its obligation to

review the record *de novo* as to these portions of the F&R. *See Shiny Rock Min. Corp v. U.S.*, 825 F.2d 216, 218. (9th Cir. 1987). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983). Having reviewed the legal principles *de novo*, the Court does not find any error in these portions of the F&R.

## PORTIONS OF THE FINDINGS AND RECOMMENDATION TO WHICH PLAINTIFF OBJECTS

When any party objects to any portion of the Magistrate Judge's F&R, the district court must make a *de novo* determination of that portion of the F&R that addresses dispositive matters. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*). For nondispositive matters, the district court must "modify or set aside any part of the order that is clearly erroneous or contrary to law." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*). *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

Plaintiff filed the following objections:

1. Plaintiff objects to the Magistrate Judge's finding that an expert's opinion stating Plaintiff was better qualified than any of the other candidates for each of the rigger jobs that Plaintiff applied for at several Columbia River dams was "in

large and material part [] arbitrary and logically unjustified rather than rationally-related to the available material data." F&R at 20.

After reviewing the record, the Court concludes the Magistrate Judge's finding that the expert's opinion was unjustified based on the material that the expert reviewed is not clearly erroneous.  Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and **STRIKES** the expert's opinion as to Plaintiff's rigging experience compared to the rigging experience of other candidates.

2.  Plaintiff objects to the Magistrate Judge's finding that there is not any evidence to establish a genuine dispute of material fact exists to preclude summary judgment in Defendant's favor as to Plaintiff's discrimination claim (Counts 1, 2, 4, 5, and 6 of Plaintiff's First Claim for Relief[1]) that Defendant violated the ADEA when it did not hire him for rigger jobs.  As an example, Plaintiff points out that the Magistrate Judge did not even address the circumstances of one of the rigging jobs for which Plaintiff applied.  Although that job was given to an applicant who was three years younger than Plaintiff, that applicant had 21 years of experience as a rigger.

After *de novo* review of the record, the Court concludes the

---

[1] In June 2010 Judge Haggerty issued an Opinion and Order (#20) dismissing Count 3 of Plaintiff's First Claim.

4   - ORDER

record amply supports the Magistrate Judge's finding that Plaintiff had far less rigger experience than any of the applicants who were given the rigger jobs. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and **GRANTS** summary judgment to Defendant on Counts 1, 2, 4, 5, and 6 of Plaintiff's First Claim for Relief.

    3. Plaintiff objects to the Magistrate's Judge's finding that there is not any evidence to establish a genuine dispute of material fact exists to preclude the grant of summary judgment to Defendant as to Plaintiff's claim that Defendant did not hire Plaintiff for two rigger jobs at McNary Dam (Counts 1 and 2 of Plaintiff's Second Claim) or for rigger and welding jobs at The Dalles Dam (Counts 3 and 4 of Plaintiff's Second Claim) in retaliation for the age-discrimination complaint that Plaintiff filed with the EEO after Defendant did not hire Plaintiff for a rigging job at McNary Dam.

    After *de novo* review of the record, the Court, for the reasons stated above, agrees with the Magistrate Judge that there is not any evidence to establish a genuine dispute of material fact exists as to Plaintiff's claim that Defendant did not give him the rigger and welding jobs in retaliation for Plaintiff's filing of an EEO complaint. The Court also agrees with the Magistrate Judge that Plaintiff did not, in fact, present evidence that any selecting official was aware of Plaintiff's EEO

5 - ORDER

Case 3:10-cv-00054-PK   Document 100   Filed 03/08/13   Page 6 of 8

claim, and, therefore, there could not be a retaliation claim based on Plaintiff's filing of the EEO claim.

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and **GRANTS** summary judgment to Defendant on all four Counts of Plaintiff's Second Claim for Relief.

4.  Plaintiff objects to the Magistrate Judge's finding that there is not any evidence to establish a genuine dispute of material fact exists to preclude the grant of summary judgment to Defendant as to Plaintiffs' Third Claim for Relief in which Plaintiff alleges he was harassed at his job at the Portland Shipyard and subjected to a hostile work environment because of his race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e.

After *de novo* review of the record, the Court agrees with the Magistrate Judge that there was not any evidence of racial animus towards Plaintiff in the workplace or any objectionable behavior that was racial in nature.

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and **GRANTS** summary judgment to Defendant on Plaintiff's Third Claim for Relief.

5.  Plaintiff objects to the Magistrate Judge's finding that there is not any evidence to establish a genuine issue of material fact exists to preclude the grant of summary judgment to Defendant as to Plaintiff's Fifth Claim for Relief in which

6 - ORDER

Plaintiff alleges he was harassed on the basis of his race in retaliation for having complained about the alleged hostile work environment that is the subject of his Third Claim for Relief.

After a *de novo* review of the record, the Court agrees with the Magistrate Judge that there is not any evidence that Plaintiff was retaliated against based on his race for having filed a complaint with the EEO, particularly in light of the fact that the alleged retaliatory conduct largely occurred before Plaintiff filed his complaint. Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and **GRANTS** summary judgment to Defendant on Plaintiff's Fifth Claim for Relief.

## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#92) in its entirety. Accordingly, the Court **GRANTS** Defendant's Motion (#82) to Strike the Declaration of Plaintiff's Expert, Terry Armentrout, and **GRANTS in part** and **DENIES in part** Defendant's Motion (#51) for Summary Judgment as follows:

1. **GRANTS** Defendant's Motion as to Counts 1, 2, 4, 5, and 6 of Plaintiff's First Claim for Relief;

2. **GRANTS** Defendant's Motion as to each of the Counts of Plaintiff's Second Claim for Relief;

    3.  **GRANTS** Defendant's Motion as to Plaintiff's Third Claim for Relief;

    4.  **DENIES** Defendant's Motion as to Plaintiff's Fourth Claim for Relief;

    5.  **GRANTS** Defendant's Motion as to Plaintiff's Fifth Claim for Relief; and

    6.  **DENIES** Defendant's Motion as to Count 7 of Plaintiff's First Claim for Relief.

IT IS SO ORDERED.

DATED this 8th day of March, 2013.

                                             /s/ Anna J. Brown

                                      ANNA J. BROWN
                                      United States District Judge